## KING v. GODFREY.

SALE: EVIDENCE CONSIDERED.

*Appeal from Tama Circuit Court.*

SATURDAY, APRIL 20.

ACTION to recover possession of a horse. Trial to the court, judgment for the defendant, and plaintiff appeals.

*Stivers & Leland,* for appellant.

*Struble & Goodrich,* for appellee.

SEEVERS, J.—It is conceded that the horse belonged to the plaintiff, and that he was entitled to recover unless he had made a sale, or in such manner parted with his possession to one Stubbs, from whom the defendant obtained the horse, as would vest in the latter as against plaintiff the title by virtue of his purchase from Stubbs. The plaintiff claims he never sold the horse, and, on the other hand, the defendant claims he conditionally sold the horse to Stubbs and delivered the horse to him. The defendant further claims that the conditions of the sale were, as to him, void under section 1922 of the Code. Conceding the defendant to be right as to the legal effect of a conditional sale, there remains the question whether there was in fact a sale to Stubbs.

On this question the evidence is conflicting. That there was evidence tending to support the finding of the court cannot be doubted. As an original question, we might conclude the preponderance was with the defendant; but this is not sufficient, under the settled practice of this court, to justify us in setting the finding aside.

The evidence as to the execution, or rather the non-execution, of a note and mortgage was admissible, because it had some bearing on the question whether there had been a sale of the horse to Stubbs. In every other aspect the evidence was immaterial and could not have prejudiced the appellant.

AFFIRMED.